Submitted on record and briefs April 30, affirmed November 7, 2007, petition for review denied March 26, 2008 (344 Or 390)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES RODNEY CLEMENTS,
aka John Rodney Clements,
aka James Leo Clements,
*Defendant-Appellant.*

Multnomah County Circuit Court
010849481; A126974

171 P3d 988

Peter Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Stephanie Hortsch, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the opening brief for appellant. On the reply brief was Ingrid Swensen, Executive Director.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney General filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a conviction for misdemeanor driving while under the influence of intoxicants (DUII). ORS 813.010. He assigns error to the trial court's order permanently revoking his driving privileges pursuant to ORS 809.235(1)(b), which requires a court to order the permanent revocation of a person's driving privileges upon the person's third or subsequent conviction for misdemeanor DUII.[1] He argues that, because his first two DUII convictions occurred before the effective date of ORS 809.235(1)(b), revoking his driving privileges on the basis of those convictions violates the *ex post facto* provisions of the Oregon and United States constitutions. Or Const, Art I, § 21; US Const, Art I, § 10. We held in *State v. Vazquez-Escobar*, 211 Or App 115, 153 P3d 168 (2007), that permanent revocation of driving privileges pursuant to ORS 809.235(1)(b) based on misdemeanor DUII offenses that predate the enactment of the statute does not violate the *ex post facto* provisions of either constitution. Hence, defendant's objection to the trial court's revocation order is not well taken.

Affirmed.

---

[1] At the time of defendant's conviction, ORS 809.235(1)(b) required permanent revocation for a third misdemeanor DUII conviction. The legislature subsequently amended the provision to require permanent revocation for a third or subsequent conviction. That change has no bearing on this case.